1  Dawniell Zavala (State Bar No. 253130)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:          dawniell.zavala@hro.com
5
6  Attorneys for Plaintiffs,
   BMG MUSIC; CAPITOL RECORDS, LLC;
7  UMG RECORDINGS, INC.; and SONY
   BMG MUSIC ENTERTAINMENT
8

9                   UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10                           SAN JOSE DIVISION
11

12 | BMG MUSIC, a New York general partnership; CAPITOL RECORDS, LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, | CASE NO. 5:08-CV-01044-JW

Honorable James Ware

***EX PARTE*** **APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER**

Plaintiffs,

v.

ALEXANDRA KRAFT,

Defendant.

Pursuant to Rules 4(m) and 6(b)(1)(A) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request an additional 90 days – until September 18, 2008 – to serve Defendant Alexandra Kraft ("Defendant") with the Summons and First Amended Complaint.  In support of their request, Plaintiffs state as follows:

1. Plaintiffs filed their initial Complaint against a John Doe defendant on February 21, 2008.  In order to obtain information sufficient to identify the Doe defendant, Plaintiffs also filed their *Ex Parte* Application for Leave to Take Immediate Discovery, seeking the Court's permission to serve a Rule 45 subpoena on Defendant's Internet Service Provider ("ISP").  On March 12, 2008, the Court issued its Order for Leave to Take Immediate Discovery, which was promptly served on the ISP along with a Rule 45 subpoena.  On April 23, 2008, the ISP responded to Plaintiffs' subpoena, identifying the Defendant, Alexandra Kraft.

2. After the ISP identified Ms. Kraft, Plaintiffs sent her a letter on May 7, 2008 notifying her of Plaintiffs' copyright infringement claim and inviting her to contact Plaintiffs to attempt to resolve the dispute.  Plaintiffs' settlement representatives also called Ms. Kraft and left messages for her on May 22, May 28, and May 29, 2008.  Ms. Kraft has not responded to Plaintiffs' attempts to contact her, and, as a result, the parties have been unable to reach a settlement.

3. Accordingly, Plaintiffs filed a First Amended Complaint on June 12, 2008, naming Ms. Kraft individually as Defendant.  Plaintiffs thereafter engaged a process server on June 19, 2008 to deliver copies of the Summons and First Amended Complaint to Defendant.

4. The current deadline for service of process expires on June 20, 2008.  Plaintiffs have not requested any previous extension of the service deadline.  Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days – until September 18, 2008 – to effectuate service, so that they may continue to attempt to serve Defendant.

6. Plaintiffs' diligence in attempting to contact Defendant to settle this case before filing the First Amended Complaint demonstrates "good cause" under Rule 4 for an extension of time for service.  *See Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 275 (M.D. Fla. 1995) (finding good cause to expand the time limit for service where plaintiff made a "reasonable effort to serve defendant"); *see also Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D. Cal. 1998) (stating

1  good cause standard for service extensions).  In addition, unlike a traditional case where the
2  defendant is known by name and service attempts can begin immediately after the complaint is filed,
3  in this case Plaintiffs first had to obtain Defendant's identity through the subpoena to the ISP.  This
4  Court has discretion to enlarge the time to serve even where there is no good cause shown.
5  *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

6        7.    Because the copyright infringements here occurred in 2007, the three-year limitations
7  period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  Thus, there can be no
8  prejudice to the defendant from any delay in serving the Complaint.

9        8.    Plaintiffs will provide Defendant with a copy of this request and any Order
10 concerning this request when service of process occurs.

Dated:  June 20, 2008                      HOLME ROBERTS & OWEN LLP

By:  _____*/s/ Dawniell Alise Zavala*___
      DAWNIELL ALISE ZAVALA
      Attorney for Plaintiffs

### [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve Defendant with process be extended to September 18, 2008.

Dated: _____      By: _____
                                                           Honorable James Ware
                                                            United States District Judge